UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRIAN K. COLEMAN,

    Plaintiff,

   v.              Case No. 21-cv-1022-bhl

MILWAUKEE COUNTY JAIL,
C.O. WILLIAMS,
C.O. MATHESEN, and
CORRECTIONAL HEALTH SERVICES,

    Defendants.

## SCREENING ORDER

  Plaintiff Brian Coleman, who is currently confined at the Milwaukee County Jail and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Coleman's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

  Coleman has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Coleman has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $23.73. Coleman's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Coleman is an inmate who is housed at the Milwaukee County Jail. Dkt. No. 1 at 2. He names as Defendants the Milwaukee County Jail, Correctional Officer Williams, Correctional Officer Mathesen, and Correctional Health Services at the Jail. *Id.* at 1.

Coleman alleges that on August 17, 2021, around 10:45 a.m., his hand was crushed by his cell door. *Id.* at 2. Specifically, Coleman states that while was entering his cell, he had his hand on the door frame and the cell door suddenly closed on his left hand crushing it in the door frame. *Id.* Coleman felt a sharp pain and heard a cracking noise when the door closed on his hand. *Id.* The door remained closed, and Coleman had to pull his hand out of the door frame. *Id.* at 3. When the door opened again, he went to the desk staff to call a medical emergency for his crushed hand. *Id.* While at the desk, Coleman heard a staff member say he accidentally closed Coleman's door when he was trying to close a different cell. *Id.*

Coleman waited for around five minutes at the staff desk for the medical staff to arrive. *Id.* When no one came, Coleman asked Defendants C.O. Mathesen and C.O. Williams if they had called medical yet. *Id.* Williams answered that they could not get a doctor to see him, but a nurse could come look at it. *Id.* Coleman asked Williams if they had called the nurse yet, but Williams did not respond. *Id.* Soon after, Coleman was placed in his cell, and he used the intercom every 15 minutes to ask if medical was coming to see him. *Id.* Around noon, the staff responded to Coleman and told him that they had called the nurse and documented the event. *Id.* However, no medical staff came to see him that day. *Id.*

The next day, on August 18, 2021, around 9:50 a.m., a nurse came to look at Coleman's hand. *Id.* at 4. The nurse told Coleman that he would order an ice pack, X-Ray, Tylenol, and Ibuprofen to treat his hand. *Id.* However, Coleman states he was not provided any medications that day. *Id.* Instead, a night nurse brought him an ice pack and promised to look into the medication issue. *Id.* On

August 19, 2021, Coleman was provided with pain medication. *Id.* Lastly, Coleman alleges that as of August 24, 2021, no X-Rays had been taken of his hand. *Id.*

## ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

Based on the complaint, it appears Coleman is a pretrial detainee and, therefore, his claim comes under the Fourteenth Amendment. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 350-51 (7th Cir. 2018). To state a claim under the Fourteenth Amendment, the plaintiff must establish that he suffered from an objectively serious medical condition and that the defendants—acting purposefully, knowingly, or recklessly—responded or failed to respond in a manner that was objectively unreasonable. *See Miranda*, 900 F.3d at 352–53; *Williams v. Ortiz*, 937 F.3d 936, 942–43 (7th Cir. 2019).

The Court will assume at the screening stage that Coleman's hand injury satisfies the objectively serious medical condition prong. Coleman alleges that Mathesen and Williams did not call the nurse or document his injury until an hour and fifteen minutes after his injury occurred. Whether the actions of Mathesen and Williams are objectively unreasonable is a fact-intensive inquiry, and the assessment of those facts must be left for a later time. At the screening stage, the Court concludes that Coleman has sufficiently stated a Fourteenth Amendment unreasonable medical care claim against Mathesen and Williams.

However, Coleman may not proceed against the Milwaukee County Jail and the Correctional Health Services at the Milwaukee County Jail because they are not proper defendants

4

under §1983. Section 1983 allows a plaintiff to sue a "person" who violates his constitutional rights under color of state law, but a jail is not a "person." The Supreme Court has held that there are some circumstances in which municipalities or local government units can be considered "persons" and sued under §1983, *see Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), but a jail is not legal entity separate from the county government it serves. *See Miranda v. Milwaukee Cnty Jail Facility*, No. 19-C-582, 2019 WL 2359396, at *2 (E.D. Wis. June 4, 2019) (citing *Whiting v. Marathon Cnty Sheriff's Dep't*, 382 F.3d 700, 704 (7th Cir. 2004)). Moreover, even if the Court construed Coleman's complaint to assert a claim against the County itself, under *Monell*, the County can only be liable if the harm he suffered was the result of a County policy or custom. *See Glisson v. Indiana Dep't of Corr.*, 849 F.3d 372, 379 (7th Cir. 2017) (en banc). But Coleman's pleading does not plausibly suggest any such circumstances here. Therefore, Coleman fails to state a claim against the Milwaukee County Jail the Correctional Health Services at the Milwaukee County Jail, and they will be dismissed from this case.

Accordingly, the Court finds that Coleman may proceed on a Fourteenth Amendment unreasonable medical care claim against Mathesen and William.

**IT IS THEREFORE ORDERED** that Coleman's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants Milwaukee County Jail and Correctional Health Services are hereby **DISMISSED** from this case.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon C.O. Mathesen and C.O. Williams pursuant to Federal Rule of Civil Procedure 4. Coleman is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). The current fee for waiver-of-service

5

Case 2:21-cv-01022-BHL   Filed 03/01/22   Page 5 of 7   Document 16

packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2)–(3). Although Congress requires the Court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service. The Court is not involved in the collection of the fee.

**IT IS FURTHER ORDERED** that C.O. Mathesen, and C.O. Williams shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the agency having custody of Coleman shall collect from his institution trust account the $326.27 balance of the filing fee by collecting monthly payments from Coleman's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Coleman is transferred to another institution, the transferring institution shall forward a copy of this Order along with Coleman's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Coleman is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge

6

Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Coleman is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on March 1, 2022.

>s/ *Brett H. Ludwig*
>BRETT H. LUDWIG
>United States District Judge